Filed 10/7/20  P. v. Palacio CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B301834 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. Nos. BA452318, BA462599, & BA466464) |
| v. | |
| RENE BRYANT PALACIO, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, David C. Brougham, Judge.  Affirmed as modified.

James Koester, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Stephanie C. Brenan, Supervising Deputy Attorney General, and Toni R. Johns Estaville, Deputy Attorney General, for Plaintiff and Respondent.

_____

Appellant Rene Bryant Palacio and the prosecution agree one of Palacio's three sentences is incorrect. They correctly say this sentence must correspond with the original sentence the superior court imposed before revoking Palacio's probation. We agree and modify the judgment. Statutory references are to the Penal Code.

## I

Four separate cases brought Palacio before the trial courts.

In 2017, Palacio pleaded no contest to receiving stolen property in violation of section 496, subdivision (a). The case number was BA452318.

In 2018, Palacio pleaded no contest to vandalism in violation of section 594, subdivision (a). This case was BA462599.

Also in 2018, Palacio pleaded guilty to second degree commercial burglary in violation of section 459. This case was BA466464.

In the first two cases, the superior court suspended imposition of sentencing. In the third case, the court sentenced Palacio to the low term of 16 months in county jail but suspended execution of the sentence. The court put Palacio on probation in all three cases.

In 2019, the People brought a fourth case against Palacio—case No. KA120344—again for burglary. The court held the preliminary hearing for this case together with the probation violation hearing for Palacio's other cases.

The court found Palacio in violation of his probation and terminated his probation in all three cases.

The court sentenced Palacio to the upper term of three years in each of his three probation cases.

In each of the three cases, the court selected the upper term of three years as the base term. There were no enhancements. The court did not use the words "base term," as there were no enhancements and the sentences were to be served concurrently.

The court then dismissed the fourth case against Palacio on the prosecution's motion.

Palacio appealed, arguing one of his three-year sentences is unlawful. The one sentence he attacks is the sentence in BA466464.

The People filed a response agreeing resentencing is warranted as to the one case of BA466464.

II

The parties are correct. The court erred in imposing a three-year sentence in Palacio's third case, BA466464.

When a court grants probation without imposing a sentence and later revokes the probation, the court may select any available sentencing option. (*People v. Howard* (1997) 16 Cal.4th 1081, 1084, 1987 (*Howard*).)

These sentencing options are gone, however, when a court imposes a sentence, suspends its execution, and grants the defendant probation. (See *Howard*, *supra*, 16 Cal.4th at p. 1084.) If the court later revokes probation, it must order that *exact sentence* into effect. (*Id.* at p. 1088; see also Cal. Rules of Court, rule 4.435(b)(2) [where execution of sentence was suspended and the sentencing judge later determines the defendant will be jailed, "the judge must order that the judgment previously pronounced be in full force and effect . . ."].) Trial courts may not modify a previously imposed and suspended sentence because judgment has been entered and the terms of the sentence already

3

have been set.  (*People v. Scott* (2014) 58 Cal.4th 1415, 1422, 1424.)

In BA466464, the original sentencing judge set Palacio's sentence at 16 months and suspended execution of this sentence in 2018.  After revoking Palacio's probation in 2019, the new sentencing judge should have executed this 16-month sentence.

Thus, Palacio's proper sentence is 16 months on BA466464, three years on BA452318, and three years on BA462599.  These three terms run concurrently.

### III

Palacio also asks that we order the abstract of judgment corrected to reflect that he is serving a three-year high term in case No. BA462599, not the midterm.  We do so.  (See *People v. Mitchell* (2001) 26 Cal.4th 181, 185 [important to correct errors in abstracts of judgments].)

### DISPOSITION

The judgment is modified.  We direct the sentencing court to (1) amend the sentencing minute order in BA466464 and the abstract of judgment to reflect a 16-month sentence (the low term) in this case; (2) correct the abstract of judgment to reflect imposition of the upper ("U") term in BA462599; and (3) forward a certified copy of the corrected abstract of judgment to the Department of Corrections and Rehabilitation.  As modified, the judgment is affirmed.


                                                            WILEY, J.

We concur:


        BIGELOW, P. J.                    GRIMES, J.


4